# UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

### Case Number: 14-15944

_____

### KRISTY HENDERSON

**Plaintiff/Appellant,**

**v.**

### JOHN BONAVENTURA, ET. AL

**Defendants/ Appellees**

_____

**Appeal from the U.S. District Court,  District of Nevada,
The Honorable Robert C. Jones Presiding,
District Court Case No. 2:13-cv-1921-RCJ-VCF**

_____

### PLAINTIFF /APPELLANT'S REPLY  BRIEF

_____

T. Louis Palazzo, Esq.              Allen Lichtenstein, Esq.
Nevada Bar N0.: 4128                Nevada Bar No.: 3002
PALAZZO LAW FIRM                    California Bar No.: 153687
520  South Fourth Street            3315 Russell Road, No. 222
Las Vegas, Nevada 8910              Las Vegas, NV 89120
(702) 385-3850                      (702) 433-2666
Counsel for Plaintiff/Appellant     Counsel for Plaintiff/Appellant

# TABLE OF CONTENTS

I.    Introduction                                                                          1

II.   Defendants' judicial estoppel argument should be stricken.                            2

      A.    Defendants misled the District Court into erroneously                           2
            believing that Plaintiff listed nothing on line 21 of her
            Bankruptcy Schedule B.

      B.    Defendants now admit Plaintiff listed  contingent claims                        3
            against her employer on line 21 of Bankruptcy Schedule
            B, which contradicts the basis for the District Court's
            decision.

      C.    Defendants improperly raise their new arguments for the                         4
            first time in Appellee's Brief.

III.  Even if the Court considers Defendants' new arguments, judicial                       6
      estoppel is inapplicable.

      A.    The Ninth Circuit has adopted the three-part "New                               7
            Hampshire test" for determining judicial estoppel.

      B.    Defendants have failed to establish any of the three                            9
            *New Hampshire* criterion.

            1.    There was no inconsistency (criterion 1).                                 9

                  a.    Receiving a right to sue letter is a precondition                   10
                        for filing suit.

                  b.    Any purported inconsistency is a result of                          11
                        inadvertence or mistake, and therefore not
                        subject to judicial estoppel.

   c.  Defendants rely on a purported rule that  12
      appears neither in any Schedule B instructions,
      nor any cited legal authority.

   2.  Defendants fail the second *New Hampshire* criterion.  13

   3.  Defendants fail  the third *New Hampshire* criterion.  15

  C.  The cases cited by Defendants are distinguishable from  16
    the instant case because all involve situations where the
    party in question totally hid any notice of the contingent
    claim.

IV. Both Defendants Toomin and Bonaventura can be sued in  18
  both their individual and official capacities.

  A.  The issues were waived due to being first raised in  18
    Defendants' Reply Brief in District Court.

  B.  Defendants concede that the rulings concerning Defendants  20
    Toomin and Bonaventura were not ruled upon by the
    District Court.

  C.   Both Defendants can be sued in their individual and  20
    official capacities based on their own outrageous actions.

V. Appeal of the District Court's January 10, 2014 Order is timely.  22

VI. Dismissal of Plaintiffs fourth, fifth and sixth claims should be  23
  reversed.

VII. Plaintiff's Claim for Wrongful Termination should be Reinstated.  25

VIII. Conclusion  27

# TABLE OF AUTHORITIES

## cases

Ah Quin v. County of Kauai Department of Transportation,
733 F.3d 267 (9th Cir. 2013)                                    12,16

Allum v. Valley Bank of Nevada,  970 P.2d1062 (Nev. 1998)        25

Associated Press v. Otter, 682 F.3d 821 (9th Cir.2012)           6

Bolker v. Commissioner of Internal Revenue, 760 F.2d 1039        5
(9th Cir.1985)

Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282 (11th Cir. 2002)   17

Cheng v. Commissioner, 878 F.2d 306 (9th Cir.1989)               23

 Dannenberg v. Software Toolworks, Inc., 16 F.3d 1073          22,23
(9th Cir. 2014)

Davis & Cox v. Summa Corp., 751 F.2d 1507 9th Cir.1985)          23

Dzakula v. McHugh, 746 F.3d 399 (9th Cir. 2014)             4,12,13

Eastman v. Union Pacific R. Co., 493 F.3d 1151                   17
(10th Cir. 2007)

Foster v. Township of Hillside,780 F.Supp. 1026 (D.N.J.  1992)   22

Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778        8,14,15,17
(9th Cir. 2001)

Hansen v. Harrahs, 675 P.2d 394 (Nev. 1983)                   25,26

Harden v. Roadway Package Systems, Inc., 249 F.3d 1137           5
(9th Cir. 2001)

Hay v. First Interstate Bank of Kalispell, N.A., 978 F.2d 555                  17
(9th Cir. 1992)

Helfand v. Gerson, 105 F.3d 530 (9th Cir.1997)                                12

In re Imperial Corp. of America, 92 F.3d 1503 (9th Cir.1996)                  23

In re Coastal Plains, Inc., 179 F.3d 197 (5th Cir 1999)                       17

Johnson v. Oregon, 141 F.3d 1361 (9th Cir.1998)                              6,7

Lee v. Mobile County Com'n, 954 F.Supp. 1540 (S.D.Ala., 1995)                 21

Magnuson v. Peak Technical Services, Inc., 808 F.Supp. 500                    20
(E.D.Va., 1992)

Martin v. Papilon, 810 F. Supp.2d 1160 (D.Nev. 2012)                         25

Martin v. Sears-Roebuck & Co., 899 P. 2d 551  (Nev. 1995)                  25-26

McDonnell v. Wells Fargo Investments, LLC, 717 F.3d 668                       4
(9th Cir. 2013)

Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC,                       6,7
692 F.3d 983, 992 (9th Cir. 2012)

Mitchell v. RJK of Gloucester, Inc.,  899 F.Supp. 246                        22
(E.D.Va.,1995).

Nevada v. Watkins, 914 F.2d 1545 (9th Cir.1990)                              19

New Hampshire v. Maine, 532 U.S. 742 (2001)                             7,13,14,15

Nordhorn v. Ladish Co., Inc., 9 F.3d 1402 (9th Cir.1993)                     24

O'Guinn v. Lovelock Corr. Ctr., 502 F.3d 1056 (9th Cir.2007)                  4

Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.)    16,17
Inc., 989 F.2d 570 (1st Cir. 1993)

Pegram v. Herdrich, 530 U.S. 211 (2000)    8

Pitts v. Terrible Herbst, Inc., 653 F.3d 1081 (9th Cir. 2011)    26

Rissetto v. Plumbers and Steamfitters Local 343, 94 F.3d 597    17
(9th Cir. 1996)

Rockwell Intern. Corp. v. Hanford Atomic Metal Trades    17,18
Council, 851 F.2d 1208 (9th Cir. 1988)

Rodriguez v. Airborne Express, 265 F.3d 890 (9th Cir. 2001)    11

Ryals v. Mobile County Sheriff's Department, 839 F.Supp. 25    21
(S.D.Ala.1993)

Ryan Operations G.P. v. Santiam–Midwest Lumber Co., 81 F.3d 355    7,8
(3d Cir.1996)

Sands Regent v. Valgardson, 777 P.2d 898 (Nev. 1989)    26

Scarano v. Central R. Co. of N. J., 201 F.2d 510 (3rd Cir. 1953)    17

Seattle Audubon Soc'y v. Espy, 998 F.2d 699 (9th Cir.1993)    23

State of Ariz. v. Shamrock Foods Co., 729 F.2d 1208 (9th Cir. 1984)    18

Surrell v. California Water Service Co., 518 F.3d 1097    11
(9th Cir. 2008)

Thompson v. Commissioner, 631 F.2d 642 (9th Cir. 1980)    19

Travelers Property Cas. Co. of America v. Conoco Phillips    5
Co., 546 F.3d 1142 (9th Cir. 2008)

United States v. Birtle, 792 F.2d 846 (9th Cir 1986)     19

United States v. The Haytian Republic, 154 U.S. 118 (1894)     24

United States v. Ibrahim, 522 F.3d 1003 ( 9th Cir. 2008)     11,12

United States v. Puchi, 441 F.2d 697 (9th Cir. 1971)     19

Vinieratos v. U.S., Dept. of Air Force Through Aldridge,     11
939 F.2d 762 (9th Cir. 1991)

Walsh v. Nev. Depot of Human Res., 471 F.3d 1033     4,5
(9th Cir.2006)

Whitaker Corp. v. Execuair Corp., 953 F.2d 510 (9th Cir.1992)     5

Wyler Summit P'ship v. Turner Broad. Sys., Inc., 235 F.3d 1184     7
(9th Cir.2000)

### statutes/rules

28 U.S.C. § 1291     22,23

42 U.S.C. § 2000e-3     26

FRAP  4(a)(1)     22

NRCP 41(a)(2)     24

NRS 613.340     26

### treatises

Restatement Second, Judgments (1982)     23,24

## I.    Introduction

Plaintiff timely filed her Notice of Appeal (ER 1) after the District Court issued a final order dismissing the case on April 17, 2014 (ER 20). The rationale for this Order was that Plaintiff was judicially estopped from pursuing her lawsuit against her employers at the Las Vegas Township Constable's Office (LVTCO) because she had failed to disclose this potential and contingent action in her prior bankruptcy. (ER 20). In reaching this incorrect factual conclusion, the District Court relied upon false factual assertions made by Defendants when they first moved for judicial estoppel in their March 24, 2010 Reply Memorandum. (ER 33). Thus, the District Court was misled, leading to an erroneous decision that relied on a false rendition of the facts.

This was all set forth in Appellant's Opening Brief. In response, in Appellees' Brief, Defendants have conjured up a new argument with corresponding new facts. Clearly, creating a new argument contrary to Ninth Circuit procedures. This new argument claims that Plaintiff did indeed disclose this possible lawsuit on line 21 of her Bankruptcy Schedule B, but that since that disclosure did not include her filing with the EEOC for a right to sue letter, judicial estoppel is appropriate because of the fraud perpetrated on the courts. The new facts alleged by Defendants, argued first in Appellees Brief, is that District Court based its judicial estoppel ruling on Defendants' new argument. Not only is this contrary to the record, but as a matter of

law, Defendants' argument about a special EEOC requirement, beyond giving the Bankruptcy Court notice of the asset of a potential lawsuit would require this Court to create a new rule, as there is no legal authority that can be cited by Defendants supporting their position.

## II.    Defendants' judicial estoppel argument should be stricken.

### A.    Defendants misled the District Court into erroneously believing that Plaintiff listed nothing on line 21 of her Bankruptcy Schedule B.

It is ironic that Defendants, in their argument for judicial estoppel, accuse Plaintiff of misleading the Court, when in reality Defendants have asserted to highly inconsistent and incompatible factual assertions concerning the representation made by Plaintiff in her bankruptcy filings. Despite Defendants' revisionist rendition of the facts in Appellees' Brief, the decision granting judicial estoppel was explicitly stated in the April 17, 2014 Order.

> **Defendants adduce Plaintiff's bankruptcy schedules.** Plaintiff petitioned for Chapter 7 bankruptcy in this District on August 3, 2012 (Case No. 12-bk-19119- LBR). She received a discharge on November 7, 2012. Item 21 of Schedule B of the Petition for **"Other contingent and unliquidated claims of every nature . . . ." lists nothing. . . . Plaintiff does not appear to have ever disclosed to the bankruptcy court the existence of her contingent claims, i.e., the present Title VII claims.** The Court therefore finds that Plaintiff is judicially estopped from bringing the present Title VII claims.

(ER 20)(emphasis added)

The District Court made it clear that it relied upon representations made by Defendants to conclude that "Plaintiff does not appear to have ever disclosed to the bankruptcy court the existence of her contingent claims, i.e., the present Title VII claims," and that Item 21 of Schedule B "lists nothing." The statement by the District Court acknowledges that the erroneous conclusion that Plaintiff never mentioned what ended up being this case was based solely on false representations made by Defendants.

## B. Defendants now admit Plaintiff listed contingent claims against her employer on line 21 of Bankruptcy Schedule B, which contradicts the basis for the District Court's decision.

Defendants never attempted to explain why they made this misrepresentation to the District Court. There is no doubt the District Court invoked judicial estoppel based entirely on a misrepresentation by Defendants. Now, in changing their story, Defendants falsely claim that the District Court invoked judicial estoppel because of how Plaintiff listed possible claims against her employer as contingent assets on line 21 of the Bankruptcy Schedule B (ER 40). Defendants current argument is that the District Court was aware that Plaintiff had listed possible claims against her employer but dismissed the case because those bankruptcy schedule listings did not specifically mention that Plaintiff had filed with the EEOC , and was awaiting a right to sue letter.

Defendants earlier representations to the District Court that Plaintiff failed to

list anything on line 21 of Schedule B are false and disingenuous. Equally false is

their current claim that judicial estoppel was based on the fact that Plaintiff listed the

potential claims against her employer on line 21 of Bankruptcy Schedule B (ER 40),

but because that disclosure did not specifically mention the EEOC, the District Court

dismissed the case based on judicial estoppel. Obviously Defendants cannot cite

anything in District Court Record to support their new argument. This argument was

made of whole cloth by Defendants in the Appellees' Brief.

### C. Defendants improperly raise their new arguments for the first time in Appellee's Brief.

Defendants first raise the argument concerning a failure to mention the EEOC

in the Appellees' Brief. Because of this, the Court of Appeals should not address

those arguments. *Dzakula v. McHugh*, 746 F.3d 399 (9th Cir. 2014).

> Plaintiff raises new arguments on appeal, which we do not address. *See O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1063 n. 3 (9th Cir.2007) (holding that arguments not raised before the district court generally are waived).

746 F.3d at 402. This rule applies except in instances where allowing new arguments

on appeal would prevent manifest injustice. *McDonnell v. Wells Fargo Investments*,

*LLC*, 717 F.3d 668 (9th Cir. 2013).

> ("[We will not review an issue raised for the first time on appeal, unless necessary to prevent manifest injustice."); *Walsh v. Nev. Depot of Human Res.*, 471 F.3d 1033, 1037 (9th Cir.2006) ("[The issue must be

4

raised sufficiently for the trial court to rule on it."

717 F.3d at 673; *See also, Travelers Property Cas. Co. of America v. Conoco Phillips Co.*, 546 F.3d 1142 (9th Cir. 2008); citing, *Whitaker Corp. v. Execuair Corp.*, 953 F.2d 510, 515 (9th Cir.1992)("Issues not presented to a district court generally cannot be heard on appeal.") In *Harden v. Roadway Package Systems, Inc.*, 249 F.3d 1137 (9th Cir. 2001), the Court set forth three possible circumstances where a new argument first made on appeal would be addressed.

> Generally, we will not consider arguments made for the first time on appeal, although we have the power to do so. *See Bolker v. Commissioner of Internal Revenue*, 760 F.2d 1039, 1042 (9th Cir.1985). There are three exceptions: (1) "to prevent a miscarriage of justice"; (2) "a new issue arises while appeal is pending because of a change in the law"; and (3) "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed". *Id.*

249 F.3d at 1141.

None of those three circumstances exists here. There would be no miscarriage of justice for this Court to reverse the decision by the District Court to dismiss Plaintiff's claims, based on judicial estoppel predicated on misinformation and misrepresentation. The District Court never had the opportunity to address the argument concerning the EEOC that Defendants now rely upon in the Court of Appeals. Allowing this argument to be made by the District Court on remand would

not prejudice either party.

The Second circumstance also is inapplicable here. No new issue has arisen while the appeal is pending because of a change in the law. Finally, the issue presented is not purely one of law. It depends upon the factual record, even though Defendants' new argument asserts different facts from those relied upon by the District Court.

## III. Even if the Court considers Defendants' new arguments, judicial estoppel is inapplicable.

Even if this Court chooses to address Defendants' new arguments, those arguments remain unavailing. In *Milton H. Greene Archives, Inc. v. Marilyn Monroe LLC,* 692 F.3d 983, 992 (9th Cir. 2012), the Court noted that in federal courts federal law governs the application of judicial estoppel which is reviewed for abuse of discretion. citing *Johnson v. Oregon*, 141 F.3d 1361, 1364 (9th Cir.1998). The *Milton H. Greene Archives* Court noted that the Ninth Circuit utilizes a two-part test to determine whether a District Court has abused its discretion.

> First, we determine de novo whether the trial court identified the correct legal rule to apply to the relief requested. (citing *Associated Press v. Otter*, 682 F.3d 821, 824 (9th Cir.2012)). If the trial court identified the correct legal rule, we then evaluate whether the trial court's application of the correct legal standard was (1) "illogical," (2) "implausible," or (3) "without support in inferences that may be drawn from the facts in the record." *Id.*

692 F.3d at 992-993. The District Court's decision to invoke judicial estoppel here was indeed illogical, implausible and without support in the record.

**A.    The Ninth Circuit has adopted the three-part "New Hampshire test" for determining judicial estoppel.**

The *Milton H. Greene Archives* Court also defined the standards where judicial estoppel may be applicable, relying on *New Hampshire v. Maine*, 532 U.S. 742 (2001).

> The Supreme Court has provided little guidance on the contours of judicial estoppel. It has acknowledged that circumstances where the doctrine may apply "are probably not reducible to any general formulation." *New Hampshire*, 532 U.S. at 750, 121 S.Ct. 1808. In *New Hampshire*, however, the Court identified three factors that courts should consider in determining whether the doctrine is applicable in a given case:

> First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.... A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

> *Id.* at 750–51, 121 S.Ct. 1808 (citations and quotations omitted). In precedent that predates *New Hampshire*, we have held that the doctrine of judicial estoppel applies "when a party's position is tantamount to a knowing misrepresentation to or even fraud on the court." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 235 F.3d 1184, 1190 (9th Cir.2000) (quoting *Johnson*, 141 F.3d at 1369 (quoting *Ryan Operations G.P. v.*

*Santiam–Midwest Lumber Co.*, 81 F.3d 355, 362–63 (3d Cir.1996))).
692 F.3d at 993-994.

"Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.,* 270 F.3d 778, 782 (9th Cir. 2001). The Ninth Circuit "invokes judicial estoppel not only to prevent a party from gaining an advantage by taking inconsistent positions, but also because of general considerations of the orderly administration of justice and regard for the dignity of judicial proceedings, and to protect against a litigant playing fast and loose with the courts." *Id.* at 782 (citation and quotation marks omitted). The doctrine is designed to preserve the integrity of the courts. *Id.*

"[J]udicial estoppel, 'generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase. " *Pegram v. Herdrich*, 530 U.S. 211, 228 n. 8 (2000). It protects against a litigant playing fast and loose with the courts. *Hamilton,* 270 F.3d at 782.

In the bankruptcy context, "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784.

**B.**    **Defendants have failed to establish any of the three *New Hampshire* criterion.**

**1. There was no inconsistency (criterion 1).**

Line 21 of the Bankruptcy Schedule B form is a catch all category of debtor assets that requires the debtor to list "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor and rights to set off claims." It also requires the debtor to give an estimated value of each. (ER 40).

In her Amended Schedule B, Plaintiff listed for this category both a "Possible Claim against Employer, and a "Possible Claim for wrongful Termination." There is nothing inconsistent between Plaintiff's response on line 21, and representations made in the instant case to the District Court. This is obvious as the "possible claim" was against employer and for wrongful termination  (ER at 40) are the very same claims that came to fruition when Plaintiff filed her Complaint in District Court on October 21, 2013 (Docket No. 1).

The language of line 21 asks debtor to list "contingent and unliquidated claims." It does not ask the debtor to specify whether these contingent or liquidated claims involve a lawsuit that has or has not been filed.   The purpose is to put the Bankruptcy Trustee on notice of potential assets that may be part of the bankruptcy estate. Plaintiff's response did just that. It did not specify the particular legal theories that

would ultimately result in the various claims for relief once the Complaint was filed in District Court. Nor did it discuss the fact that Plaintiff was waiting for a right to sue letter from the EEOC before being able to file her Complaint. Line 21 does not require that information. The contingent asset of a claim against Plaintiff's employer is the same. The listing of the claim as "possible" prior to filing the Complaint is not an inconsistent position with the Complaint itself. To suggest otherwise defies logic.

It is telling that Defendants do not cite a single legal authority for their unsupported proposition that in listing her potential claim against her employer as an asset on line 21, Plaintiff did not also include the fact that she was waiting for a right to sue letter from the EEOC. It did not mislead the Bankruptcy Trustee, and certainly did not mislead the District Court.

### a. Receiving a right to sue letter is a precondition for filing suit.

Defendants' most recent argument is that while they acknowledge that Plaintiff gave notice to the Bankruptcy Court of the contingent claims against her employer which culminated in this lawsuit, the fact that her Amended Schedule B did not separately list these claims in terms of the fact that she had filed with and was waiting for the EEOC to provide a right to sue letter, somehow constitutes a totally separate claim that was concealed.

The problem with this reasoning, as noted above, is that the Bankruptcy

Schedule B does not require the same contingent claim to be listed separately. It was listed as a "possible" claim because receiving a right to sue letter from the EEOC is a precondition for Plaintiff filing her lawsuit. *See, Surrell v. California Water Service Co.*, 518 F.3d 1097 (9th Cir. 2008); *Vinieratos v. U.S., Dept. of Air Force Through Aldridge*, 939 F.2d 762, 768 (9th Cir. 1991); *Rodriguez v. Airborne Express,* 265 F.3d 890, 896 (9th Cir. 2001).

Considering that receiving the right to sue letter from the EEOC is a precondition to filing the suit in federal court, listing the claims as "possible" is accurate and certainly put the Bankruptcy Court on notice. There is no inconsistency between what Plaintiff listed on her Bankruptcy Schedule B list of assets, and any representation made to the District Court in the instant action.

> **b.     Any purported inconsistency is a result of inadvertence or mistake, and therefore not subject to judicial estoppel.**

In the bankruptcy context, "[j]udicial estoppel will be imposed when the debtor has knowledge of enough facts to know that a potential cause of action exists during the pendency of the bankruptcy, but fails to amend his schedules or disclosure statements to identify the cause of action as a contingent asset." *Id.* at 784. When the inconsistency in question is a result of inadvertency or mistake, judicial estoppel is inapplicable. *United States v. Ibrahim*, 522 F.3d 1003 ( 9th Cir. 2008).

In addition, we have held that judicial estoppel "seeks to prevent the deliberate manipulation of the courts," and therefore should not apply "when a party's prior position was based on inadvertence or mistake." *Helfand v. Gerson,* 105 F.3d 530, 536 (9th Cir.1997).

522 F.3d at 1009.

The *Dzakula* Court noted that in *Ah Quin v. County of Kauai Department of Transportation*, 733 F.3d 267 (9th Cir. 2013), the Court held that "the ordinary understanding of "mistake" and 'inadvertence" applies. One factor was that the *Ah Quin* Plaintiff asserted that she did not think that she had to disclose her pending lawsuit because the bankruptcy schedules were 'vague.' " 746 F.3d at 400-401.

*Dzakula* is instructive for the instant case, as there is nothing contained within Schedule B indicating that the debtor need list anything other than contingent or unliquidated claims. Here Defendants assert that by simply listing possible claims against employer as contingent unliquidated assets, Plaintiff purposely misled both the Bankruptcy Court and the District Court.

> c. **Defendants rely on a purported rule that appears neither in any Schedule B instructions, nor any cited legal authority.**

Defendants are unable to cite anything on the Schedule B form or instructions, that request Plaintiff state anything other than she did. No legal authority is cited to suggest the form's instructions require anything but what they explicitly request. Therefore, there is no basis for Defendants' assertion that Plaintiff knew or should

have known that the fact that she was waiting for a right to sue letter from the EEOC should have been explicitly mentioned on the form. The fact that now, for the first time, Defendants make that argument, does not constitute legal authority.

As noted above, the Court in *Dzakula*, ruled that in analyzing whether an omission of listing a contingent asset, such as a potential lawsuit, to a Bankruptcy Court, "the ordinary understanding of 'mistake' and 'inadvertence' apply. 746 F.3d at 401. Even assuming that Defendants are correct in their argument that the fact that Plaintiff had already filed the Complaint addressed on line 21 with the EEOC, the failure of any such instruction or established legal precedent for that purported requirement, renders Plaintiff's failure to do so, a matter of mistake or inadvertence. Viewing the evidence in the light most favorable to Plaintiff, any possible deficiency in her listing of the claim necessarily must be viewed as inadvertence.

Defendants have accused Plaintiff of violating a rule that Defendants themselves can fine no legal authority for. Nor can they cite to any instruction on the Bankruptcy Schedule B form itself. From this Defendants construct a scenario, without any citation to the record, that Plaintiff did this in a successful attempt to deceive the Court and to gain an unfair advantage. This defies both law and logic.

### 2. Defendants fail the second *New Hampshire* criterion.

The second *New Hampshire* criterion for determining whether judicial estoppel

is appropriate, pursuant to *Hamilton,* is "whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled" 270 F.3d at 782. There is nothing in the record that indicates that either the Bankruptcy Court or the District Court in the instant case was ever misled (except by Defendants).

On page 16 of their Brief, Defendants refer to a criterion for judicial estoppel purported to come from *Hamilton*, that involves obtaining a more favorable result in the Bankruptcy Court. Neither *Hamilton* nor *New Hampshire* lists this as a relevant criterion for evaluating judicial estoppel.

The District Court was not misled by what Plaintiff wrote on line 21 of her Bankruptcy Schedule B, because it continued to accept Defendants' misrepresentation that, "Item 21 of Schedule B of the Petition for 'Other contingent and unliquidated claims of every nature . . . .' lists nothing." (ER, 20). Since the District Court did not know what Plaintiff listed on line 21, it obviously could not have been misled by it.

Nor have Defendants shown anything in the record to indicate that the Bankruptcy Court was somehow misled. That Court was clearly on notice of the contingent claims against Plaintiff's employer. There is nothing cited in the record to indicate that the Bankruptcy Court did not inquire or otherwise did not know of the

status of Plaintiff's contingent claims. Nor is there anything cited in the record to indicate that the Bankruptcy Court made any decision more favorable to Plaintiff based on any lack of information.

Defendants argue this, but cite nothing in the record to support their naked assertions. The question of "whether the party has succeeded in persuading a Court to accept that party's earlier position . . ." relates to an issue of fact that: 1) the District Court never addressed, 2) Defendants never raised, and 3) is absent from the record.

A court may logically assume that a complete failure to mention, and therefore put the Bankruptcy Court on notice, of the existence of a contingent claim against Plaintiff's employer, might "create the perception that either the first or the second court was misled." That is not the circumstance here. Defendants' false factual rendition was accepted by the District Court, even after Plaintiff's actual Schedule B was part of the District Court record. While Defendants' current position is that the Bankruptcy Court was misled by Plaintiff's actual line 21 entry, they are unable to cite any facts nor even legal precedent to support this fanciful position.

### 3.    Defendants fail  the third *New Hampshire* criterion.

The third *Hamilton/New Hampshire* criterion is "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Hamilton,* 270 F.3d  at 783.  No

unfair advantage exists. Defendants are obviously aware of the instant case. They can cite no prejudice to them emanating from Plaintiff's list of assets in Schedule B. In fact they claim none. Under both United States Supreme Court, and Ninth Circuit standards, judicial estoppel is inappropriate here.

### C. The cases cited by Defendants are distinguishable from the instant case because all involve situations where the party in question totally hid any notice of the contingent claim.

In the cases relied upon by Defendants, the debtor failed to mention a claim as an asset at all, thus misleading the Bankruptcy Court into thinking that such claim did not exist, and then tried to subsequently sue or otherwise collect on that claim. That is not the situation here.

In *Ah Quin v. County of Kauai Dept. of Transp.*, *supra*, that Plaintiff checked the box that said "none" for the question requesting that she list all suits and administrative proceedings to which the debtor is or was a party. *Id*. at 269. "At a bankruptcy hearing, Plaintiff testified that she had listed all of her assets. She did not mention the pending action." *Id. Ah Quin* involves a Plaintiff who attempted to hide a claim on her list of assets. There, the Bankruptcy Court was definitely not put on notice of this potential asset.

Defendants cite the First Circuit case of *Payless Wholesale Distributors, Inc. v. Alberto Culver (P.R.) Inc.*, 989 F.2d 570 (1st Cir. 1993). There too, no mention or

hint of a pending claim was disclosed to the Bankruptcy Court. 989 F.2d at 570.

*Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555 (9th Cir. 1992) also involves a situation where the debtor gave absolutely no notice of any potential litigation claim to the Bankruptcy Court. 978 F.2d at 557. *See, also, In re Coastal Plains, Inc.*, 179 F.3d 197 (5th Cir 1999); and *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d at 781. As with these cases, total non-disclosure to the Bankruptcy Court was also the case in *Burnes v. Pemco Aeroplex, Inc.*, 291 F.3d 1282, 1284 (11th Cir. 2002) and *Eastman v. Union Pacific R. Co.*, 493 F.3d 1151, 1153 (10th Cir. 2007)

In *Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 601 (9th Cir. 1996), judicial estoppel was invoked when Plaintiff first claimed she was unable to perform her job in order to obtain workers' compensation benefits then claimed that she was performing her job adequately in order to win damages in a subsequent suit. A similar situation arose in *Scarano v. Central R. Co. of N. J.*, 201 F.2d 510 (3rd Cir. 1953),where a Plaintiff claimed an inability to work in one action and then reversed himself in a subsequent one. 201 F.2d at 513-514.

In *Rockwell Intern. Corp. v. Hanford Atomic Metal Trades Council*, 851 F.2d 1208 (9th Cir. 1988), the Ninth Circuit found that the District Court improperly raised, *sui esponte*, the issue of judicial estoppel to a counterclaim for an order to compel arbitration in a labor dispute pursuant to a collective bargaining agreement. *Id.* at

1209. The Court of Appeals reversed stating that "[The role of the courts in resolving labor disputes is extremely narrow: judicial inquiry must go only to the arbitrability of disputes, and not to the merits of the underlying dispute." *Id.* at 1215. The case has no bearing on the instant one. *State of Ariz. v. Shamrock Foods Co.*, 729 F.2d 1208, 1215 (9th Cir. 1984), rejected an argument that judicial estoppel should be invoked due to a changing theory of a case. None of Defendants' cited cases involve circumstances that parallel the instant case.

## IV. Both Defendants Toomin and Bonaventura can be sued in both their individual and official capacities.

Defendants argue that the issues of whether Defendant Toomin can be sued under Title VII, and whether Defendant Bonaventura can be sued in his individual capacity, are not ripe for appeal. Defendants' argument is that since the case was dismissed by the District Court on grounds of judicial estoppel (ER 20), the statement in the April 17, 2014 Order, that "the Court agrees with Defendants that under the circumstances of this case Toomin is not an "employer"who can be sued under Title VII at all, and that Bonaventura can only be sued in his official capacity." *Id.,* does not constitute a ruling.

### A. The issues were waived due to being first raised in Defendants' Reply Brief in District Court.

Were this Court to affirm the District Court's dismissal of the case pursuant to

the doctrine of judicial estoppel, questions concerning Defendants Toomin and Bonaventura's capacity to be sued under Title VII would be rendered immaterial. If, however, this Court determines that the District Court erred in its dismissal pursuant to the judicial estoppel doctrine then the issues of Defendants Toomin and Bonaventura's capacity to be sued retain their relevance.

Appellant's Opening Brief, at 11, noted the Ninth Circuit rule that an issue not raised until Reply Brief is waived. *Nevada v. Watkins,* 914 F.2d 1545, 1559-60 (9th Cir.1990), *see also*, *United States v. Birtl*e, 792 F.2d 846, 848 (9th Cir 1986); *Thompson v. Commissioner*, 631 F.2d 642, 649 (9th Cir. 1980); *United States v. Puchi*, 441 F.2d 697, 703 (9th Cir. 1971). Appellant's Opening Brief noted that the issues of whether Defendant Bonaventura could be sued in his individual capacity, and whether Defendant Toomin could be sued under Title VII in either his official or individual capacities, were not raised until Defendants' March 24, 2014 Reply Brief in District Court (ER 33). Thus, those arguments must be considered waived under applicable Ninth Circuit precedent.[1]

---

[1] On page 28 of their Brief, Defendants argue that because Plaintiff filed a Motion to Strike, or in the Alternative, for Leave to File a Surreply, on April 8, 2014, (Docket No. 76) this Court can ignore *Watkins* and other cases, and ignore the fact that Defendants waived their arguments concerning Defendants Toomin and Bonaventura. Not only does this assertion run counter to established legal precedent, it also ignores the fact that the aforementioned Plaintiff's Motions were never ruled upon.

Appellee's Brief does not address this issue at all. Instead, Defendants argue that since the case was dismissed by the District Court on a judicial estoppel theory, the statements made concerning Defendants Toomin and Bonaventura were not rulings at all, and then proceed to argue the merits.

### B. Defendants concede that the rulings concerning Defendants Toomin and Bonaventura were not ruled upon by the District Court.

Plaintiff is unable to discern the intent of the District Court in issuing that one sentence in the April 17, 2014 Order (ER at 20). Whether or not the District Court intended that line to be considered a ruling on the matter, the issue was never properly before that Court having only been raised in Defendants' Reply memorandum (ER 33). Yet, despite arguing that the statement "the Court agrees with Defendants that under the circumstances of this case Toomin is not an "employer"who can be sued under Title VII at all, and that Bonaventura can only be sued in his official capacity," (ER at 20), is not a ruling at all, and that in any case, those issues were not ripe for adjudication, Defendants still argue that this Court should affirm the contents of that statement. Even here, Defendants' argument would fail.

### C. Both Defendants can be sued in their individual and official capacities based on their own outrageous actions.

Even the cases cited in Defendants' Brief undercut their position. *See, Magnuson v. Peak Technical Services, Inc.*, 808 F.Supp. 500, 507-508 (E.D.Va., 1992)

("[The term 'employer' under Title VII should be "construed in a functional sense to encompass persons who are not employers in conventional terms, but who nevertheless control some aspect of an individual's compensation, terms, conditions, or privileges of employment".) Clearly, Defendant Toomin controlled various aspects of Plaintiff's terms, conditions, or privileges of employment. In ruling that Plaintiff was "an employee under Title VII," the District Court noted that there was a chain of command between Plaintiff and the Constable himself. (ER 18). As for Defendant Toomin specifically, the District Court noted that, "After Bonaventura was elected, Defendant Deputy Constable Lou Toomin directed Plaintiff to appear in a pilot episode of a reality television program about LVTCO, which she did." (ER 4). Similarly, the Court found that, "[i]n early July 2012, Toomin directed Plaintiff to write a biography for the reality show, because the producers wanted to feature her in the show." (ER 5). This shows that Defendant Toomin controlled certain aspects of Plaintiff's employment. At the very least, it reflects a question of fact that is inappropriate for adjudication in a Motion to Dismiss.

The factual nature of an analysis as to whether someone is considered an employer for Title VII purposes was also articulated in *Lee v. Mobile County Com'n*, 954 F.Supp. 1540, 1540 (S.D.Ala., 1995); *See also, Ryals v. Mobile County Sheriff's Department*, 839 F.Supp. 25 (S.D.Ala.1993).

In contrast, Defendants cite *Foster v. Township of Hillside*,780 F.Supp. 1026, 1038, n.4 (D.N.J., 1992), where the Court noted that the Defendant in question, "had no authority to fire, hire or make any employment decision regarding" Plaintiff. Such cannot be said of Mr. Toomin.

Concerning Defendant Bonaventura's being sued in his individual as well as his official capacity, Appellant's Opening Brief noted that,"sexual harassment is not a plainly delegable duty and an individual can be liable under Title VII for such conduct." *Mitchell v. RJK of Gloucester, Inc.*, 899 F.Supp. 246, 248 n.4 (E.D.Va.,1995).

## V. Appeal of the District Court's January 10, 2014 Order is timely.

Plaintiff has also appealed the ruling from the District Court's January 10, 2014 Order dismissing Plaintiff's fourth through seventh causes of action against the LVTCO Defendants.(ER at 31). On page 1 of Appellees' Brief, Defendants assert that this appeal is void for being untimely.

> Under Fed.R. App.P. 4(a)(1), Appellant had 30 days after the January 10, 2014 Order within which to file a Notice of Appeal. Thus, because Appellant did not file an Appeal of the January 10,2014 Order until May 12, 2014, it is untimely and not subject to Appeal.

This analysis, however, is incorrect, as 28 U.S.C. § 1291 sets forth the general rule, applicable here, that appeals may only be made from final decisions. *See, Dannenberg v. Software Toolworks, Inc.*, 16 F.3d 1073 (9th Cir. 2014).

It is axiomatic that orders granting partial summary judgment, because they do not dispose of all claims, are not final appealable orders under section 1291." *Cheng v. Commissioner*, 878 F.2d 306, 309 (9th Cir.1989). See, e.g., *Seattle Audubon Soc'y v. Espy*, 998 F.2d 699, 705 (9th Cir.1993).

16 F.3d at 1074-1075. The plain language of the January 10, 2014 Order explicitly states that it is not a final Order. (" Finally, LVTCO Defendants do not argue on the merits against the first  through third causes of action. **Those claims therefore survive as against LVTCO.**") (ER 31)(emphasis added).

## VI.  Dismissal of Plaintiffs fourth, fifth and sixth claims should be reversed.

In its general rule concerning "splitting" a claim, the Restatement provides that when a valid, final judgment rendered in an action extinguishes the plaintiff's claim pursuant to the rules of merger or bar, the claim extinguished includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose. Restatement Second, Judgments § 24 (1982). Here, there was no  judgment in the state court filing.

The Ninth Circuit has ruled that a final judgment on the merits bars a subsequent action between the same parties over the same cause of action. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1518 (9th Cir.1985); *In re Imperial Corp. of America*, 92 F.3d 1503, 1506 (9th Cir.1996).  A subsequent suit is barred where the

previous suit (1) involved the same "claim" as the later suit, (2) reached a final judgment on the merits, and (3) involved the same parties or their privies. *Nordhorn v. Ladish Co., Inc.*, 9 F.3d 1402, 1404 (9th Cir.1993).

According to the Restatement, *supra,* § 26(1)(a), a primary purpose of the rule is to protect the defendant from being harassed by repetitive actions based on the same claim. Here, no such danger ever existed. The state court proceeding was filed, however none of the Defendants ever served Plaintiff with an Answer or Motion for Summary Judgment. In fact, the entire case was voluntarily dismissed pursuant to NRCP 41(a)(2). Thus, there was no danger of Defendants being harassed by repetitive actions based on the same claim.

On pp-36-37 of Appellees' Brief, Defendants cite *United States v. The Haytian Republic*, 154 U.S. 118 (1894) for the proposition that "the true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* at 124. Here, there was no "legal efficacy of the state court case, as the matter was never adjudged. Plaintiff filed suit, to protect the statute of limitations, but never pursued the case. None of the Defendants ever served Plaintiff with an Answer or Motion for Summary Judgment. The entire case was voluntarily dismissed in favor of pursuing all claims in federal court.

The purpose of the rule against claim splitting is to prevent a Plaintiff from litigating the same issues twice. As none of the issues ever even came close to being litigated in state court, dismissing Plaintiff's claims four, five and six in this case, prevents them from being adjudicated on the merits at all. This result obviously runs counter to the purpose of the doctrine. The District Court's Dismissal of Plaintiff's fourth through sixth claims, therefore should be reversed.

## VII. Plaintiff's Claim for Wrongful Termination should be Reinstated.

On page 41 of their Brief, Defendants cite *Martin v. Sears-Roebuck & Co.*, 899 P. 2d 551, 554 (Nev. 1995) for the proposition that an at will employee can be terminated at any time for any reason, or no reason at all. They also note that *Hansen v. Harrahs*, 675 P.2d 394, 396 (Nev. 1983) provides an exception for this rule in cases of strong public policy. Defendants further acknowledge that *Allum v. Valley Bank of Nevada*, 970 P.2d1062 (Nev. 1998), and *Martin v. Papilon*, 810 F. Supp.2d 1160 (D.Nev. 2012) both stand for the proposition that an employee was fired for refusing to engage in activity that he or she believes in good faith is illegal, maintains a claim for wrongful discharge.

Plaintiff clearly believed, in good faith, that secretly continuing with the discredited reality show, as she was ordered to do by Defendants, would involve her with illegal activity. To attempt to get around this obvious fact, Defendants rely upon

*Martin v. Sears-Roebuck & Co.*, 899 P. 2d 551, 554 (Nev. 1995) for the argument that an at will employee can be terminated at any time for any reason, or no reason at all. As noted above, *Hansen,* 675 P.2d at 396, provides an exception for this rule in cases of strong public policy. Defendants' reliance on *Sands Regent v. Valgardson,* 777 P.2d 898, 889 (Nev. 1989)is misplaced as that case is inapposite here, as explained by the Court in *Pitts v. Terrible Herbst*, *Inc.*, 653 F.3d 1081 (9th Cir. 2011), analysis of *Valgardson.*

> In part because Nevada's unlawful employment practices statute already created a private cause of action for firing an employee because of his age, the court refused to extend the common law public policy tortious discharge cause of action to cover instances of age discrimination.

653 F.3d at 1095.

Unlike age discrimination which, as *Valgardson* noted, is prohibited by state statute, no such statutory remedy exists for discharge from employment for failing to do something that the employee believes is unlawful. Defendants argue that 42 U.S.C. § 2000e-3 and/or NRS 613.340 create a situation similar to *Valgardson*. Yet, 42 U.S.C. § 2000e-3 is a federal statute that nowhere purports to preempt state common law claims. Furthermore, NRS 613.340 addresses only discrimination but not the elements of wrongful discharge. In short, Plaintiff does not have any state statutory remedy for her claim of discharge for failing to act in a manner that she in good faith believed was unlawful.

As to the public policy component, Defendants argue that the failure to commit an act an employee believes is unlawful does not rise to the level of an important issue. Clearly, the Clark County Commission viewed the continuation of that reality show much differently than the LVTCO Defendants, and ultimately, not only pulled the plug on the show, but abolished the entire Las Vegas Township Constable's Office itself. This indicates a strong public policy concern. Plaintiff's seventh claim for relief should be reinstated.

## VIII. Conclusion

The District Court's final Order dismissing this case on the grounds of judicial estoppel was based on the false premise that Plaintiff had never disclosed this potential litigation to the Bankruptcy Court. The District Court made this ruling relying on misrepresented and false representations by Defendants. However, documentary evidence, in the forum of Plaintiff's Bankruptcy Schedule B was in the record, and showed a listing of this lawsuit as a potential contingent asset. The invocation of judicial estoppel, therefore, is an obvious example of abuse of judicial discretion. As such, it should be reversed. It is also important to note that the District Court's erroneous factual assumptions came from being misled by Defendants in an improper motion first making the judicial estoppel argument in a Reply Brief.

Similarly, Defendants now attempt to shift positions and create a new argument

in Appellees' Brief. Not only is this contrary to Circuit standards, but attributes to the District Court reasoning that not only was never articulated by the Court, but in fact, runs directly counter to it. Thus, for these and all of the reasons articulated above, the rulings of the District Court should be reversed.

Dated this 3rd day of December 2014

Respectfully submitted by:

*/s/ T. Louis Palazzo*
T. LOUIS PALAZZO, ESQ.
Nevada Bar No. 4128
520 South Fourth Street, Second Floor
Las Vegas, Nevada 89101

*/s/ Allen Lichtenstein*
ALLEN LICHTENSTEIN, ESQ.
Nevada Bar No. 3992
3315 Russell Road, No. 222
Las Vegas, Nevada 89120

Counsel for Plaintiff /Appellant

# CERTIFICATE OF COMPLIANCE

I hereby certify that this Plaintiff-Appellant's Opening Brief complies with Ninth Circuit Rule 32(e)(4). This document is proportionately spaced, has a Times New Roman typeface of 14 point and contains 6846 words.


 /s/ Allen Lichtenstein

## CERTIFICATE OF SERVICE

I hereby certify that I served upon all counsel, the foregoing Plaintiff/Appellant's Opening Brief via the Court's electronic filing and service process on December 3, 2014.

/s/ Allen Lichtenstein